UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

               Plaintiff,                   Case No. 1:22-cv-706

v.

                                        HON. ROBERT J. JONKER

LOIS BROWN,

               Defendant/Cross-Plaintiff,

v.

KAREN BROWN,

               Defendant/Cross-Defendant,

and

CALIANN BROWN and HAYLEY
PARCHER,

               Defendants.

_____/

## **ORDER**

      This is an interpleader action to determine the proper recipient of the ERISA death benefits payable by Metropolitan on behalf of the decedent, Timothy Brown.  The main contenders are the decedent's ex-wife, defendant Karen Brown; and his mother, defendant Lois Brown.  Also joined in the case are Caliann Brown and Haley Parcher, the daughters of the decedent and his ex-wife, Karen, and the granddaughters of Lois.

      At a Rule 16 conference, the represented parties (Karen and Lois) appeared through counsel, and Caliann and Haley appeared *pro se*.  Caliann and Haley are generally supportive of their mother's claim to benefits and oppose the claims of their grandmother.  The Court also

inquired whether either or both intended to assert a claim on their own behalf, or simply support the claim of their mother against their grandmother.  The Court set a deadline of May 15, 2024, for Caliann and Haley to assert whether either or both intended to file an individual claim.

On May 14, 2024, the undersigned received a federal express delivery that appears to be from Caliann.  It is not signed, however.  And it is not entirely clear to the Court what claim Caliann is intending to assert.  It appears that she intends to assert a contingent claim if the Court determines her mother (Karen) is not entitled to 100% of the claim.  In that event, the Court believes she intends to assert that the death benefit should be split equally between herself, her mother (Karen) and her sister, Hayley. To ensure a complete record for the case, the Court is directing the Clerk of Court to file the item exactly as the Court received it.

If Caliann does intend to assert an individual claim, she will need to sign her statement.  Also, if the Court has not properly interpreted the intended claim, Caliann should take the opportunity to clarify.  Finally, if it is Caliann's intention to file a claim, contingent or otherwise, she should outline, to the extent she is able, the legal and factual basis for her expected claim.  The Court will set a **new deadline of May 24, 2024, for Caliann to submit a signed and updated statement.**

IT IS SO ORDERED.

Dated: May 15, 2024                              /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 UNITED STATES DISTRICT JUDGE